IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDREWS, | No. C 13-4603 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** |
| v. | |
| PROACTIVE BUSINESS SOLUTIONS, INC., and DOES 1 THROUGH 50, | |
| Defendants.                              / | |

Plaintiff's motion to remand is scheduled for a hearing on December 20, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion for remand.

**DISCUSSION**

On August 27, 2013, plaintiff Edward Andrews filed this complaint in Alameda County Superior Court against his former employer, Proactive Business Solutions, Inc. The complaint alleges claims for violations of the California Labor Code, the Fair Labor Standards Act ("FLSA"), and tortious discharge in violation of public policy. Plaintiff alleges that he worked as a finance manager for defendant, and that in July 2013, while auditing defendant's payroll, he discovered that a group of defendant's non-exempt employees were not receiving overtime compensation to which they were entitled. Compl. ¶ 8. Plaintiff alleges that he told defendant's president and CEO that the employees were not being paid

1 properly and that he believed that defendant was violating federal and California labor laws. *Id*. ¶ 10.
2 Four days later, the CEO terminated plaintiff for failure to follow instructions. *Id*. ¶ 11. Plaintiff
3 alleges that his termination was pretextual and that he was terminated in retaliation for reporting that
4 defendant's employees were being improperly paid. *Id*. On October 4, 2013, defendant removed the
5 complaint from state court, asserting federal question jurisdiction based on the FLSA claim.

6 Plaintiff moves to remand this case on the grounds that the claim under California Labor Code
7 Section 232.5 raises "novel and complex issues" of state law, and that state courts have concurrent
8 jurisdiction over the FLSA claim. California Labor Code Section 232.5 prevents an employer from
9 "discharging, formally disciplining, or otherwise discriminating against an employee who discloses
10 information about working conditions," and plaintiff contends that "[t]o date, California courts have not
11 specifically determined that the phrase 'discloses information about working conditions,' applies to an
12 employee's internal complaint to his employer regarding his employer's alleged violations of the
13 California wage and hour laws." Docket No. 10 at 3:6-9. Plaintiff argues that the Court should exercise
14 its discretion and abstain from adjudicating this case and remand this action to state court.

15 Defendant opposes remand, arguing that there is a clear basis for federal jurisdiction, and that
16 this case does not present any exceptional circumstances that would compel this Court to decline
17 jurisdiction.

18 The Court agrees with defendant. A suit filed in state court may be removed to federal court if
19 the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a);
20 *Snow v. Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir.1977). Although plaintiff emphasizes the fact that
21 state courts have concurrent jurisdiction over FLSA claims, plaintiff does not dispute that the FLSA
22 claim provides a basis for federal subject matter jurisdiction on removal. *See Breuer v. Jim's Concrete*
23 *of Brevard, Inc*., 538 U.S. 691, 693 (2003) (holding provision of FLSA that suit under the Act "may be
24 maintained . . . in any Federal or State court of competent jurisdiction," does not bar removal of a suit
25 from state to federal court). Plaintiff's state and federal claims are premised on the same facts, and thus
26 the state claims are within the supplemental jurisdiction of this Court. *See* 28 U.S.C. § 1367(a).

27 "[W]henever the subject matter of an action qualifies it for removal, the burden is on a plaintiff
28 to find an express exception." *Breuer*. 538 U.S. at 698. Plaintiff's reply brief quotes *Gasperini v.*

2

*Center for Humanities, Inc*., 518 U.S. 415, 428 (1996), for the proposition that "'when a federal court has no guidance from the state in terms of rules of decision, the matter should be remanded to state court.'" Docket No. 14 at 3:5-7. However, the Court was unable to locate that quotation in *Gasperini*, and in any event, *Gasperini* is inapposite because it addressed whether a New York statute empowering appellate judges to reduce the size of jury award was procedural or substantive under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The fact that plaintiff's state law claims may raise unsettled questions of state law does not mean that this is one of the rare cases where, notwithstanding the fact that the case was properly removed on federal question jurisdiction, the Court should nevertheless decline jurisdiction. Indeed, the Supreme Court recently reiterated that "[t]n the main, federal courts are obliged to decide cases within the scope of federal jurisdiction." *Sprint Communications, Inc. v. Jacobs*, __ S.Ct. ___, No. 12–815, 2013 WL 6410850, at *3 (Dec. 10, 2013).

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for remand. Docket No. 9.

**IT IS SO ORDERED.**

Dated: December 16, 2013

SUSAN ILLSTON
United States District Judge